# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40545
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Cantu-Ramirez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-107-1

---

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Oscar Cantu-Ramirez, federal prisoner # 15325-078, seeks to proceed in forma pauperis (IFP) from the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). In his § 3582(c)(2) motion, Cantu-Ramirez argued that he was entitled to a sentence reduction based on Amendment 821, because he was a zero-point offender and otherwise

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

satisfied the criteria set forth in U.S.S.G. § 4C1.1(a) (2023). By moving for leave to proceed IFP, Cantu-Ramirez is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Although the first page of the district court's order does not provide specific reasons for the denial of Cantu-Ramirez's § 3582(c)(2) motion, in a second sealed page the district court explained that Cantu-Ramirez was not eligible for a reduction under § 4C1.1 because he received an aggravating role adjustment pursuant to U.S.S.G. § 3B1.1. *See* § 4C1.1(a)(10) (2023); *Dillon v. United States*, 560 U.S. 817, 827 (2010). Thus, Cantu-Ramirez's assertion that the district court did not provide sufficient reasons for denying his § 3582(c)(2) motion is unavailing, as is his assertion that the district court provided "retroactive justification" for the denial in its order denying IFP status. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Additionally, the district court's reasons for denying Cantu-Ramirez's § 3582(c)(2) motion indicate that it implicitly interpreted § 4C1.1(a)(10) (2023), as disjunctive without reference to proposed Amendments 830 and 831 to the Sentencing Guidelines. Lastly, Cantu-Ramirez's argument that the district court misapplied § 4C1.1(a)(10) (2023) in denying his motion because he was never found to have engaged in a continuing criminal enterprise is foreclosed. *See United States v. Morales*, 122 F.4th 590, 595 (5th Cir. 2024).

Cantu-Ramirez has failed to show a nonfrivolous issue regarding whether the district court abused its discretion by denying his § 3582(c)(2) motion for a sentence reduction. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Cantu-Ramirez's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.